UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | **Protective Order** |
| v. | **22 Cr. 640 (KMK)** |
| Kashad Sampson, et al., | |
| *Defendants.* | |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

## Categories

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rules of Criminal Procedure 16 and 26.2, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include material that (i) affects the privacy, confidentiality and business interests of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; (iv) may be produced with more limited redactions than would otherwise be necessary; and (v) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

Case 7:22-cr-00640-KMK   Document 45-1   Filed 12/27/22   Page 2 of 21

2. **Sealed Material.** Certain of the Government's Disclosure Material, referred to herein as "Sealed Material," contains information that identifies, or could lead to the identification of, witnesses absent the protective considerations set forth herein.

3. **Attorney's Possession Only ("APO") Material.** Certain materials in this case raise a particular risk of affecting the identity of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to defendants or their counsel that includes a Bates or other label stating "Attorney's Possession Only" or "APO" shall be deemed "APO Material." Any material designated as APO Material shall also be deemed Sealed Material.

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

## Disclosure and Treatment

4. Disclosure Material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material on any Internet site or network site, including any social media site such as Facebook or Twitter, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media.

5. Sealed Material may be disclosed by defense counsel:

    a.  to the defendants;

    b.  to personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

    c.  to prospective witnesses for purposes of defending this action; and

    d.   in any motion before the Court if the Sealed Material is pertinent to that motion, and that motion should initially be filed under seal, absent consent of the Government or Order of the Court.

6.   APO Material received by defense counsel shall be maintained in a safe and secure manner by defense counsel and any personnel for whose conduct defense counsel is responsible; shall not be possessed by the defendants, except in the presence of the defendant's counsel and any personnel for whose conduct defense counsel is responsible; and shall not be disclosed in any form by the defendants, their counsel, or any personnel for whose conduct defense counsel is responsible except as set forth herein.

### Other Provisions

7.   This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions referencing sealing of certain Disclosure Material.

8.   The Government's designation of material will be controlling absent contrary order of the Court. However, the Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

9.   The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

3

10. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; and the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

11. Disclosure Material may not be shared with any named defendant who has not yet been apprehended in this action or any such defendant's counsel.

12. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, from various computers, cell phones, and other devices and storage media. This ESI was seized from accounts and mediums belonging to the defendants in the above-captioned case as well as in *United States v. Jeremy Williams, et al.*, 22 Cr. 641 (PMH). Upon consent of all counsel in both the above-captioned case and in *United States v. Jeremy Williams, et al.*, 22 Cr. 641 (PMH), the Government is authorized to disclose to defense counsel in both cases the entirety of such seized ESI, which shall be deemed Sealed Material unless otherwise designated.

4

13. This Order places no restriction on a defendant's use or disclosure of ESI or other Disclosure Material that originally belonged to the defendant.

14. Julie de Almeida, Esq., the court-appointed Coordinating Discovery Attorney ("CDA"), may disclose, make copies of, or reveal the contents of sensitive materials to defense counsel and to employees who are assisting in the preparation and dissemination of such materials, and to third party vendors she may deem necessary to retain to process the discovery she receives, all in furtherance of fulfilling her duties and obligations under this Court's December 12, 2022 Order appointing Julie de Almeida as CDA. Julie de Almeida shall serve this Protective Order upon any such attorney, employee or vendor, instructing them that they are bound by its terms, and she shall instruct such other persons that further disclosure is prohibited.

**Retention of Jurisdiction**

15. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____          Date:   December 19, 2022
Jennifer N. Ong
Ryan W. Allison
Nicholas S. Bradley
Assistant United States Attorneys


_____          Date: _____
Theodore Green
Counsel for Kashad Sampson


_____          Date: _____
Joseph Gulino
Counsel for George Delgado


_____          Date: _____
Calvin Scholar
Counsel for Gabriel Roman


_____          Date: _____
Sam Schmidt
Counsel for Dallas Archer

6

_____                Date: _____

Andrew Patel
Counsel for Jasiah Wooten


_____                Date: _____

Mark DeMarco
Counsel for Bruce Allen


_____                Date: _____

Frank O'Reilly
Counsel for Syncere Tatum


_____                Date: _____

Sean Maher
Counsel for John Lalanne


_____                Date: _____

Carlos Santiago
Counsel for Raekwon Jackson


_____                Date: _____

Jill Shellow
Counsel for Bashir Mallory


_____                Date: _____

Matthew Galluzzo
Counsel for Mekhi McDonald


_____                Date: _____

David Bertan
Counsel for Christopher Tate


7

_____          Date:   _____
Christine Delince
Counsel for Kristopher Burgess Cunningham


_____          Date:   _____
Scott Tullman
Counsel for Dejon Scott



SO ORDERED:

Dated: White Plains, New York
       December ___, 2022


                              _____
                              THE HONORABLE KENNETH M. KARAS
                              UNITED STATES DISTRICT JUDGE

**Retention of Jurisdiction**

15. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____                    Date:   December 19, 2022
Jennifer N. Ong
Ryan W. Allison
Nicholas S. Bradley
Assistant United States Attorneys


_____                    Date:   12/20/2022
Theodore Green
Counsel for Kashad Sampson


_____                    Date: _____
Joseph Gulino
Counsel for George Delgado


_____                    Date: _____
Calvin Scholar
Counsel for Gabriel Roman


_____                    Date: _____
Sam Schmidt
Counsel for Dallas Archer

6

## Retention of Jurisdiction

15. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____          Date:  December 19, 2022
Jennifer N. Ong
Ryan W. Allison
Nicholas S. Bradley
Assistant United States Attorneys


_____          Date:  _____
Theodore Green
Counsel for Kashad Sampson


_____          Date:  December 20, 2022
Joseph Gulino
Counsel for George Delgado


_____          Date:  _____
Calvin Scholar
Counsel for Gabriel Roman


_____          Date:  _____
Sam Schmidt
Counsel for Dallas Archer

6

### Retention of Jurisdiction

15. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____            Date:  December 19, 2022
Jennifer N. Ong
Ryan W. Allison
Nicholas S. Bradley
Assistant United States Attorneys


_____            Date:  _____
Theodore Green
Counsel for Kashad Sampson


_____            Date:  _____
Joseph Gulino
Counsel for George Delgado


_____            Date:  12/20/22
Calvin Scholar
Counsel for Gabriel Roman


_____            Date:  _____
Sam Schmidt
Counsel for Dallas Archer

6

## Retention of Jurisdiction

15. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____          Date:   December 19, 2022
Jennifer N. Ong
Ryan W. Allison
Nicholas S. Bradley
Assistant United States Attorneys


_____          Date:  _____
Theodore Green
Counsel for Kashad Sampson


_____          Date:  _____
Joseph Gulino
Counsel for George Delgado


_____          Date:  _____
Calvin Scholar
Counsel for Gabriel Roman


_____          Date:  12/20/20W
Sam Schmidt
Counsel for Dallas Archer

6

_____          Date:  _12/20/2022_____
Andrew Patel
Counsel for Jasiah Wooten


_____          Date:  _____
Mark DeMarco
Counsel for Bruce Allen


_____          Date:  _____
Frank O'Reilly
Counsel for Syncere Tatum


_____          Date:  _____
Sean Maher
Counsel for John Lalanne


_____          Date:  _____
Carlos Santiago
Counsel for Raekwon Jackson


_____          Date:  _____
Jill Shellow
Counsel for Bashir Mallory


_____          Date:  _____
Matthew Galluzzo
Counsel for Mekhi McDonald


_____          Date:  _____
David Bertan
Counsel for Christopher Tate


7

_____     Date: __12/20/2022__
Andrew Patel
Counsel for Jasiah Wooten


_____     Date: __12/20/2022__
Mark DeMarco
Counsel for Bruce Allen


_____     Date: _____
Frank O'Reilly
Counsel for Syncere Tatum


_____     Date: _____
Sean Maher
Counsel for John Lalanne


_____     Date: _____
Carlos Santiago
Counsel for Raekwon Jackson


_____     Date: _____
Jill Shellow
Counsel for Bashir Mallory


_____     Date: _____
Matthew Galluzzo
Counsel for Mekhi McDonald


_____     Date: _____
David Bertan
Counsel for Christopher Tate


7

_____                    Date: __12/20/2022__

Andrew Patel
Counsel for Jasiah Wooten


_____                    Date: _____

Mark DeMarco
Counsel for Bruce Allen


_____                    Date: __12/20/22__

Frank O'Reilly
Counsel for Syncere Tatum


_____                    Date: _____

Sean Maher
Counsel for John Lalanne


_____                    Date: _____

Carlos Santiago
Counsel for Raekwon Jackson


_____                    Date: _____

Jill Shellow
Counsel for Bashir Mallory


_____                    Date: _____

Matthew Galluzzo
Counsel for Mekhi McDonald


_____                    Date: _____

David Bertan
Counsel for Christopher Tate


7

Date:  12/20/2022

Andrew Patel
Counsel for Jasiah Wooten


Mark DeMarco                                          Date: _____
Counsel for Bruce Allen


Date:  12/20/22

Frank O'Reilly
Counsel for Syncere Tatum


Date:  12/20/2022

Sean Maher
Counsel for John Lalanne


Carlos Santiago                                       Date: _____
Counsel for Raekwon Jackson


Jill Shellow                                          Date: _____
Counsel for Bashir Mallory


Matthew Galluzzo                                      Date: _____
Counsel for Mekhi McDonald


David Bertan                                          Date: _____
Counsel for Christopher Tate


7

_____          Date: ___12/20/2022___
Andrew Patel
Counsel for Jasiah Wooten


_____          Date: _____
Mark DeMarco
Counsel for Bruce Allen


_____          Date: _____
Frank O'Reilly
Counsel for Syncere Tatum


_____          Date: _____
Sean Maher
Counsel for John Lalanne


_____          Date: ___12/20/2022___
Carlos Santiago
Counsel for Raekwon Jackson


_____          Date: _____
Jill Shellow
Counsel for Bashir Mallory


_____          Date: _____
Matthew Galluzzo
Counsel for Mekhi McDonald


_____          Date: _____
David Bertan
Counsel for Christopher Tate


7

_____     Date:  __12 / 20 / 2022__
Andrew Patel
Counsel for Jasiah Wooten


_____     Date:  _____
Mark DeMarco
Counsel for Bruce Allen


_____     Date:  _____
Frank O'Reilly
Counsel for Syncere Tatum


_____     Date:  _____
Sean Maher
Counsel for John Lalanne


_____     Date:  _____
Carlos Santiago
Counsel for Raekwon Jackson

Jill R. Shellow
Digitally signed by Jill R. Shellow
Date: 2022.12.26 14:54:09 -05'00'     Date:  __12/26/2022__
_____
Jill Shellow
Counsel for Bashir Mallory


_____     Date:  _____
Matthew Galluzzo
Counsel for Mekhi McDonald


_____     Date:  _____
David Bertan
Counsel for Christopher Tate


7

Date: _12/20/2022_

Andrew Patel
Counsel for Jasiah Wooten


Date: _____

Mark DeMarco
Counsel for Bruce Allen

Date: _12/20/22_

Frank O'Reilly
Counsel for Syncere Tatum

Date: _12/20/2022_

Sean Maher
Counsel for John Lalanne


Date: _____

Carlos Santiago
Counsel for Raekwon Jackson


Date: _____

Jill Shellow
Counsel for Bashir Mallory

Date: _____

Matthew Galluzzo
Counsel for Mekhi McDonald


Date: _____

David Bertan
Counsel for Christopher Tate

7

_____          Date: _____
Andrew Patel
Counsel for Jasiah Wooten


_____          Date: _____
Mark DeMarco
Counsel for Bruce Allen


_____          Date: _____
Frank O'Reilly
Counsel for Syncere Tatum


_____          Date: _____
Sean Maher
Counsel for John Lalanne


_____          Date: _____
Carlos Santiago
Counsel for Raekwon Jackson


_____          Date: _____
Jill Shellow
Counsel for Bashir Mallory


_____          Date: _____
Matthew Galluzzo
Counsel for Mekhi McDonald


_____          Date: December 19, 2022
David Bertan
Counsel for Christopher Tate


7

Christine Delince
Counsel for Kristopher Burgess Cunningham

Date: 12/20/22

Scott Tulman  B. TULMAN
Counsel for Dejon Scott

Date: 12/20/2022

SO ORDERED:

Dated: White Plains, New York
        December 28, 2022

THE HONORABLE KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

8