UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :

UNITED STATES OF AMERICA
                                    :      CONSENT PRELIMINARY ORDER
           - v. -                       OF FORFEITURE/
                                      :      MONEY JUDGMENT

KASHAD SAMPSON,
     a/k/a "Shoca,"                         :      S3 22 Cr. 640 (KMK)

               Defendant.                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about November 9, 2023, KASHAD SAMPSON (the

"Defendant"), among others, was charged in an Superseding Indictment, S3 22 Cr. 640 (KMK)

(the "Indictment"), with, *inter alia*, racketeering conspiracy, in violation of Title 18, United States

Code, Section 1962(d) (Count One); and discharge of a firearm in connection with a crime of

violence, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii) and 2

(Count Nine);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the

Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code,

Section 1963, of any and all interests the Defendants acquired or maintained in violation of Title

18, United States Code, Section 1962; any and all interests in, securities of, claims against, and

property or contractual rights of any kind affording a source of influence over, the enterprise named

and described in the Indictment which the Defendant established, operated, controlled, conducted,

and participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and

any and all property constituting or derived from proceeds obtained, directly and indirectly, from

the racketeering activity alleged in Count One of the Indictment, including but not limited to a sum

of money in United States currency representing the amount of proceeds traceable to the

commission of the offense charged in Count One of the Indictment that the Defendants personally obtained;

WHEREAS, on or about ___6/30/25___, the Defendant pled guilty to Counts One and Nine of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit, pursuant to Title 18, United States Code, Section 1963; (i) a sum of money equal to $50,000 in United States currency, representing the proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $50,000 in United States currency representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with his (i) co-defendants, Christopher Tate ("Tate") and Devin Williams, and the forfeiture money judgment entered against Tate and Devin Williams in this case; and (ii) co-defendants George Delgado, Gabriel Roman, Dallas Archer, Bruce Allen, Syncere Tatum, John Lalanne, Raekwon Jackson, Bashir Mallory, Mekhi McDonald, Kristopher Burgess Cunningham, Dejon Scott, Davon Waddell, Zyrell Williams, Demetrius Ware, Antonio Pittman, Daquan Cueto, Christopher Johnson, Harry Pimentel, Eric Steadman, Donald Leid, Tevin George, Dante Johnson, George Tatum, Coleridge Lewter, and Rodney George (collectively, the "Co-defendants") to the extent forfeiture money judgments are entered against the Co-defendants in this case with respect to Count One of the Indictment; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorneys Jennifer N. Ong, Margaret N. Vasu, and Ryan W. Allison, of counsel, and the Defendant and his counsel, Richard Ma, Esq., that:

1.     As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $50,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with (i) Tate, Devin Williams, and the forfeiture money judgment against them in this case and (ii) the Co-defendants to the extent forfeiture money judgments are entered against the Co-defendants in this case with respect to Count One of the Indictment, shall be entered against the Defendant.

2.     Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant KASHAD SAMPSON, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.     All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finánce and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4.      The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.      Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7.      The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8.     The signature page of this Consent Preliminary Order of Forfeiture/Money

Judgment may be executed in one or more counterparts, each of which will be deemed an original

but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____          6/31/25
      ~~JENNIFER N. ONG~~ Ryan Allison          _____
      Assistant United States Attorney            DATE
      26 Federal Plaza
      New York, NY 10278
      (212) 637-~~2224~~ 2474

KASHAD SAMPSON

By: _____          6/30/25
      KASHAD SAMPSON                             _____
                                                 DATE

By: _____          6/30/25
      RICHARD J. MA, ESQ.                        _____
      Attorney for Defendant                      DATE
      20 Vesey Street, Suite 400
      New York, New York 10007

      KESTINE THIELE
      Attorney for Defendant
      305 Broadway Suite 700
      New York, NY 10007

SO ORDERED:

_____               8/27/25
HONORABLE KENNETH M. KARAS                       _____
UNITED STATES DISTRICT JUDGE                      DATE